## THE STATE, ex rel. GRAHAM, in re EMERSON.

[CERTIORARI TO REVISE PROCEEDINGS UNDER HABEAS CORPUS.]

1. *Liability of furloughed conscript to militia service.*—An enrolled conscript, who is on furlough, is not liable to militia duty at the call of the State, although his furlough states that he has "made application for exemption as an overseer."

2. *Persons within conscript ages, held constructively in military service of the Confederate States, and not subject to militia duty.*—Under the act of congress approved February 17, 1864, a person who is between the ages of seventeen and forty-five years, and who is not shown to be specially exempted, is constructively in the military service of the Confederate States, and is not liable to militia duty at the call of the State.

On the 15th April, 1864, Reuben F. Emerson made application by petition, to the probate judge of Montgomery county, for the writ of *habeas corpus*, to procure his discharge

from the custody of Col. Wm. B. Graham, commanding the second-class militia of said county. In his return to the writ, Col. Graham exhibited his authority as colonel commandant of the county, and the orders of the governor calling into service the second-class militia of the State; and alleged that, "pursuant to said order, the said Reuben F. Emerson reported to the undersigned, but claimed that he did not belong to said second-class State militia, and was not liable to military duty as one of said class." On the hearing before the probate judge, the petitioner offered in evidence a paper writing, which purported to be signed by the enrolling officer of the county, was dated April 2, 1864, and stated that said Emerson, "having been enrolled in this office, and made application for exemption as an overseer, is hereby furloughed for twenty days, to await action upon said application;" and the endorsements on it showed that the furlough had been extended, successively, for thirty and sixty days. The counsel who represented the State objected to the admission of this evidence, but his objection was overruled. This being all the evidence adduced on the hearing, the probate judge discharged the petitioner. Exceptions were reserved on the part of the State to the rulings and decision of the probate judge; and application is now made for the writ of *certiorari*, and whatever other remedial process may be necessary, to remove the proceedings into this court and revise them.

P. T. SAYRE, for the State.
GEO. GOLDTHWAITE, *contra*.

PER CURIAM: It may be conceded, without affecting the result of this case, that Mr. Emerson is between the ages of seventeen and forty-five years, and is therefore liable to militia duty on the call of the State, provided he is not, actually or constructively, in the army of the Confederate States as a conscript. Possibly this inference arises from the uncontroverted statement in the return to the *habeas corpus*, that, pursuant to the call of the colonel commandant in the second-class State militia in the county of Montgomery, the said Reuben F. Emerson reported to the said colonel commandant, "but

JUNE TERM, 1864.                      439

The State, ex rel. Graham, in re Emerson.

claimed that he did not belong to said second-class State militia, and was not liable to military duty as one of said class." If he was not within the ages above specified, the call on the militia did not reach him.

Taking, then, the view of this question most favorable to the State in the present application—namely, that Mr. Emerson was between the ages of seventeen and forty-five—the question arises, did it appear to the judge of probate that he was exempt from military service in the Confederate States, and therefore liable to State militia duty? Whether the paper called a furlough, produced in evidence on the trial, was legal evidence without proof of its execution, may present a very serious question; but it is unnecessary to decide it in this case. If the paper was legally in evidence before the court, it only proved that Mr. Emerson was a soldier in the Confederate States service, on furlough. True, the furlough recites that he, Emerson, had "made application for exemption as an overseer;" but it does not show that he stood in the condition which would entitle him to the exemption, or that he had executed, or even offered to execute, a bond. The furlough was all the evidence in the cause. Governed by the unaided inferences arising from the fact of the furlough, we can come to no other conclusion, than that the petitioner was a conscript, out on furlough. Such furloughed soldier is not liable to militia duty on the call of the State.

[2.] On the other hand, if we discard the furlough from our consideration, then there was no evidence before the judge of probate; and it was the duty of that officer to discharge the petitioner from arrest as a State militia-man, because he was constructively in the army of the Confederate States as a conscript.

Viewing the present application in every conceivable light, we think there was no error in the judgment of the judge of probate prejudical to the rightful claims of the State ; and the writ of *certiorari* is refused.